UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:
SARA AZOULAY
  SS# xxx-xx-7807

        Debtor.
_____/

The ESTATE OF MAURICE
GERSTEN,
        Plaintiff,
vs.

SARA AZOULAY; KEY NATIONAL
FUNDING, LLC; IRENE P. ROMANELLI
D/B/A ROMANELLI LAW OFFICES; ELIOT
G. GERSTEN AS MANAGER OF REESG
PROPERTIES, LLC,

        Defendants.
_____/

Case No.: 13-29476-RAM

Chapter 13

Adv. Proc. No.:

## INTERPLEADER COMPLAINT

Plaintiff, the Estate of Maurice Gersten ("Gersten Estate"), by and through its undersigned counsel, brings this Interpleader action pursuant to 28 U.S.C. §§ 1334(a) and (b), Fed.R.Bankr.P. 7001(2), 7001(9) and 7022, and Fed.R.Civ.P. 22(a), and in support thereof states:

### NATURE OF THE CASE

This is an interpleader action to determine the proper distribution of distributive shares of a decedent's probate estate in accordance with (i) the decedent's will, leaving certain property to the above captioned debtor, (ii) certain pre-petition assignments of proceeds executed by the debtor, in favor of one of the Defendants to this action, which proceeds may not be property of the Bankruptcy Estate, (iii) a prejudgment order,

garnishment and charging lien asserted by the debtor's former State Court attorney which was asserted, prepetition, against the Gersten Estate and (iv) other legal and/or equitable claims to all or a portion of the debtor's potential distributive share(s). The interpleader Plaintiff is the decedent's estate, through its co-executors, seeking a determination of the proper allocation and distribution of the distributive share(s) now and in the future.

## JURISDICTION AND VENUE

1. This is a cause of action brought pursuant to Fed.R.Bankr.P. 7001(2) and 7001(9).

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334(a) and (b). This is a "core" proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E) and (O).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. Plaintiff, The Estate of Maurice Gersten ("Gersten Estate" or "Plaintiff") is a probate estate formed under the laws of the State of Connecticut, has the capacity to sue or to be sued and is otherwise *sui juris*.

5. Defendant Sara Azoulay ("Debtor") is a resident of Miami-Dade County, Florida, is a chapter 13 debtor in this District, is over the age of eighteen and is otherwise *sui juris*.

6. Defendant Key National Funding, LLC ("Key Funding") is a limited liability company organized under the laws of the State of California, which has the capacity to sue or to be sued and is otherwise *sui juris*.

7. Defendant Irene Romanelli d/b/a Romanelli Law Offices ("Romanelli") is an attorney practicing in the State of Connecticut who has appeared in the underlying bankruptcy case [*see* ECF No.'s 10, 19, Case. No. 13-29746-RAM], is subject to this Court's jurisdiction, has the capacity to sue or to be sued and is otherwise *sui juris*.

8. Upon information and belief, Defendant Eliot G. Gersten ("Gesten") is a resident of the State of Connecticut who has appeared in the underlying bankruptcy case [*see* ECF No. 82] as manager of Reesg Properties, LLC, is subject to this Court's jurisdiction and is otherwise *sui juris*.

9. Defendant Reesg Properties, LLC ("Reesg") is a limited liability company organized under the laws of the State of Connecticut, has appeared in the underlying bankruptcy case [*see* ECF No. 82], has the capacity to sue or to be sued and is otherwise *sui juris*.

**BACKGROUND AND PROCEDURAL HISTORY**

10. On August 16, 2013 ("Petition Date"), the Debtor filed a Chapter 13 petition in this Court commencing Case No. 13-29476-RAM.

11. Also on August 16, 2013, the Debtor filed her Schedules A through H and her Statement of Financial Affairs ("Schedules") [ECF No. 1].

12. On her Schedule "B", the Debtor scheduled as an Account Receivable her "potential 1/14th interest in probate estate assets and several LLC's and 1 partnership" ("Gersten Estate Interest"), with a value of "$0.00" attributed to such interest.

13. The Debtor claimed the Gersten Estate Interest as exempt on Schedule "C", with the stated value of the claimed exemption being $26,628.00.

14. On October 30, 2013, the Debtor filed her Amended Schedule "C" [ECF No. 34], in which she did not claim the Gersten Estate Interest as exempt.

15. On November 5, 2013, the Chapter 13 trustee Nancy Neidich ("Trustee") filed her Objection to Claimed Exemptions [ECF No. 39] in which she objected to the Debtor's claim of exemption in the Gersten Estate Interest.[1]

### THE GERSTEN ESTATE AND THE DEBTOR'S DEMAND FOR TURNOVER

16. The Gersten Estate commenced under the probate laws of the State of Connecticut after the passing of its predecessor in interest, Maurice Gersten ("Maurice").

17. At the time of his death, Maurice held, *inter alia*, 50% membership interests in two Connecticut limited liability companies: Sycamore Gardens, LLC and 1285 Hopmeadow, LLC (jointly, the "LLCs", and Maurice's interests in same, the "LLC Interests").  The LLC Interests are currently in dispute between the members of the LLC in Connecticut, as discussed in more detail *infra*.  In addition, the Gersten Estate has certain cash to which the Debtor claims a distributive share, but, in which others may claim ownership, a security interest and/or additional claim(s) of fraud or fraudulent conveyance.

18. On January 30, 2014, the Debtor filed a(n) (emergency) Motion for an Accounting [ECF No. 64] of the Gersten Estate.  This accounting was provided to the Debtor pursuant to this Court's Order [ECF No. 72].

19. On May 14, 2014, the Debtor filed a Motion to Compel the Gersten Estate to Forward Funds From the Assets From the Probate Estate ("Motion to Compel") [ECF

---

[1] At the time of the Objections , the bases stated therein did not apply to the exemptions claimed on the Debtor's Amended Schedule "C".

No. 87]. In her Motion to Compel, the Debtor is demanding turnover of property from the Gersten Estate without first determining the Bankruptcy Estate's interest in the funds and for such further funds which may be ripe for distribution, in the future.

20. The Gersten Estate is unsure whether the alleged assignments of proceeds to another are effective and whether such assignments remove these funds as property of the Bankruptcy Estate. In addition, the Gersten Estate is unsure whether a prepetition garnishment is effective in the Bankruptcy Estate and whether these proceeds should be paid to the garnishing creditor. Finally, there were claim that the basis upon which the Debtor claims her distributions may be subject to an avoidance action or other action to determine whether the Debtor rightly claims any distribution from the Gersten Estate. Basically, while the Debtor seeks turnover of property of the Estate, it is unclear which current or future distributions are included in "property of the Estate" and improper turnover by the Gersten Estate could subject the Gersten Estate to liability from competing claims. The Gersten Estate does not claim any interest in funds it currently holds for the benefit of the distributive share of the Debtor and does not wish to find itself in the middle of numerous claims against the Gersten Estate.

**DEBTOR'S ASSIGNMENT OF HER INTERESTS IN THE GERSTEN ESTATE**

21. On or about July 28, 2010 and August 23, 2010, the Debtor made certain assignments of portions of her interest in the Gersten Estate to Key Funding on account of certain funds advanced to the Debtor by Key Funding. The total face value of such advancements and assignments is believed to be $12,500.00 ("Key Funding Assignments").

22. Key Funding may be entitled to some of the cash portion of the distributive share claimed by the Debtor.

### IRENE ROMANELLI'S CLAIMED CHARGING LIEN ON ANY DISTRIBUTION

23. Romanelli is an attorney who practices law in the State of Connecticut and, upon information and belief, was previously employed by the Debtor to litigate a dispute in the Gersten Estate.

24. Upon information and belief, Romanelli represented the Debtor through trial and an appeal of the probate case for which she was engaged.

25. Romanelli claims she is owed in excess of $165,000.00 from the Debtor, and allegedly believes she may have an unavoidable charging lien against any proceeds of a distributive share to the Debtor.

26. On August 2, 2013, Romanelli obtained an Order for Prejudgment Remedy from the Superior Court Judicial District at Hartford, Connecticut ("Prejudgment Order"). Romanelli may claim that the Prejudgment Order attached to the distributive share of the Debtor from the Gersten Estate and that it is secured in said funds to the estate of the garnishment in the amount of $165,000.00.

### CONNECTICUT SUPERIOR COURT ORDER AND THE CHAPTER 13 PLAN

27. The Prejudgment Order entered by the Superior Court Judicial District at Hartford, Connecticut prohibits the Gersten Estate and the co-executors thereof from making any distribution to the Debtor until Romanelli's purported charging lien is resolved.

28. In the event that the Debtor's Fourth Amended Plan [ECF No. 69], or any subsequently amended plan addressing the claims of the Key Funding, Romanelli,

Gersten or Reesg is confirmed, the Debtor will be required to complete the payments under such plan and obtain her discharge before the claimants treatment is binding upon all creditors.

29. The Gersten Estate believes it may be premature to make any distributions to the Debtor. Further, it is unsure as to whether any or all of the current or future distributions are "property of the Bankruptcy Estate." The Gersten Estate is not the proper party to make the determination to entitlement of the distributions.

### CLAIMS OF ELIOT GERSTEN ON BEHALF OF REESG

30. Gersten has appeared in this case on behalf of Reesg, and believes it has a claim against the Debtor in regard to the Debtor's "potential" interest in the LLC Interests of the Gersten Estate.

31. Reesg has timely filed Claim 13, in which it asserts its interest in the Debtor's interest in the LLC Interests, and contests that the Debtor possesses a "potential" interest in the LLC Interests. *See* Rider to Claim 13-1 in the underlying bankruptcy case..

32. The Gersten Estate is currently in the process of sorting through the LLC Interests and the claims to same, as discussed in ¶ 33 *et seq.*

### THE LLC INTERESTS IN THE GERSTEN ESTATE

33. The LLCs' operating agreements limit the persons who can succeed to the LLCs' Interests. This issue is currently in dispute between the members of the LLCs in Connecticut.

34. Until this issue is resolved, it is uncertain which beneficiaries of the Gersten Estate, if any, are able to succeed to the LLC Interests.

35. In the interim, cash distributions from the LLCs continue to be made to the Gersten Estate and, then through the Gersten Estate, can be distributed to the proper probate recipients.

36. Ultimately, it may be necessary that the LLCs be liquidated in accordance with the laws of the State of Connecticut and the proceeds distributed among the members of the LLCs, the Gersten Estate being a member as discussed *supra*.

37. The Gersten Estate and the co-executors seek an Order from this Court which will protect the Gersten Estate from liability for making the distribution(s) demanded by the Debtor and for a determination of what indeed is "property of the Estate" in this bankruptcy case.

### COUNT I – INTERPLEADER AGAINST ALL DEFENDANTS

38. The Interpleader Plaintiff incorporates by reference Paragraphs 1 through 38 above as if fully set forth herein.

39. The Gersten Estate is the probate estate with the capacity to make distributions to the beneficiaries thereof, and therefore has the capacity and authority to bring this interpleader action.

WHEREFORE, the Interpleader Plaintiff, the Estate of Maurice Gersten respectfully requests that the Court enter Orders:

(a) Interpleading the interpleader defendants for the purpose of determining their entitlement to proceeds of the Gersten Estate otherwise distributable to the Debtor;

(b) Requiring all defendants to file or make their claims against the distributive shares of the Debtor and obtain an Order from this Court as to the property being

held and such future property which may be due to the Debtor from the Gersten Estate;

(c) Determining the entitlement to any and all distributions to be made on account of the Debtor's interest in the Gersten Estate;

(d) Paying the reasonable fees and costs of the Gersten Estate from the monies this Court finds to be property of the Estate subject to turnover to the Registry of the Court or otherwise for commencing this action; and

(e) Granting such additional and further relief this Court deems just and prudent.

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

Submitted this 9th day of June, 2014.

        Moffa & Bonacquisti, PA
        Attorneys for the Plaintiff
        1776 North Pine Island Road #102
        Plantation, FL   33322
        Telephone    954-634-4733
        FAX              954-337-0637

        By: */s/ John A. Moffa*
            John A. Moffa
            FBN 932760
            John@mbpa-law.com
            Stephen C. Breuer
            FBN 99709
            Stephen@mbpa-law.com